## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DANA OSWALD AND TANIA OSWALD, Individually and as Representatives of the ESTATE of MARK OSWALD, DECEASED | Civil Action No. |
| Plaintiffs, | 4:16-cv-904 |
| v. | ___Jury Trial Requested___ |
| CITY OF PASADENA, TEXAS, P. MOODY, Individually, and EAST TEXAS MEDICAL CENTER D/B/A EAST TEXAS MEDICAL CENTER EMERGENCY MEDICAL SERVICE A/K/A ETMC-EMS | |
| Defendants. | |

## COMPLAINT

NOW COME Plaintiffs DANA OSWALD and TANIA OSWALD, Individually and as Representatives of the ESTATE of MARK OSWALD, DECEASED, by and through undersigned counsel, and makes this Complaint against Defendants, CITY OF PASADENA, TEXAS, P. MOODY IN HIS INDIVIDUAL CAPACITY and EAST TEXAS MEDICAL CENTER D/B/A EAST

1

TEXAS MEDICAL CENTER EMERGENCY MEDICAL SERVICE A/K/A
ETMC-EMS ("ETMC-EMS") and allege as follows:

## INTRODUCTION

1.     This is an action for Constitutional violations and state law personal injuries
       suffered by Plaintiffs DANA OSWALD AND TANIA OSWALD
       INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF
       MARK OSWALD, DECEASED as a result of personal injuries and wrongful
       death of Plaintiffs' decedent, Mark Oswald ("Oswald" and/or "Decedent").
       Plaintiffs bring this action for compensatory damages under 42 U.S.C. §1983
       because Defendants jointly and severally deprived Decedent of his federally
       protected rights, privileges and immunities.

2.     Plaintiffs are the relatives and personal representative of the Estate of Mark
       Oswald and they bring this action, against City of Pasadena, Texas, P. Moody
       In His Individual Capacity, on behalf of the Estate pursuant to Tex. Civ. Prac.
       & Rem. Code §71.000 et. Seq. and as applied through 42 U.S.C. §1983 and
       §1988.  At the time of his death Mark Oswald was 63 years old, unmarried
       with two adult children, plaintiffs Dana Oswald and Tania Oswald.  He died
       intestate with no assets.  Plaintiffs bring this action as the surviving family
       and sole heirs at law of their Decedent, and as the only persons entitled to

recover damages because of Decedent's wrongful death. Tex. Civ. Prac. & Rem. Code §71.000 et. seq. and as applied through 42 U.S.C. §1983 and §1988.

3.     As a direct result of the policies, practices, customs and procedures of The City of Pasadena ("City"), Decedent Mark Oswald was intentionally deprived of his rights privileges and immunities secured by the US Constitution and 42 U.S.C. §1983 when City of Pasadena jail personnel including, but not limited to, Defendant P. Moody in his official capacity and in the course and scope of his employment with The City of Pasadena and acting under color of law, (i) were willful, wanton and reckless in failing to provide adequate monitoring of Decedent to keep him safe and secure, (ii) in exhibiting a conscious disregard for the safety of Decedent in failing to keep him free from injury, harm and death, (iii) in failing to keep Decedent in a safe environment, and (iv) in ignoring Decedent's medical needs and not timely arranging for transport of Decedent to a medical facility to be seen by a physician.

4.     The deprivation of Decedent's rights and privileges as a United States citizen caused Decedent injury and due to the total lack of medical care caused him to go into shock, further complicating his medical condition leading to his death.

3

5.     Defendants are not entitled to qualified or other immunity.

6.     Alternatively, Plaintiffs, the relatives and personal representatives of the Estate of Mark Oswald, bring this action against ETMC-EMS for negligence. ETMC-EMS is a private service who contracts with The City of Pasadena. ETMC-EMS represented in the records regarding Mark Oswald that his upper and lower left leg were assessed two separate times with no abnormalities found.  Mark Oswald's left leg was never examined; had it been examined his leg and hip injuries would have been patently obvious and care would have been provided in a more expeditious manner.  The actions and inactions of ETMC-EMS were below the standard of care.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the federal claims of the Plaintiffs in this action pursuant to 28 U.S.C. §§ 1331, 1343 because the subject matter of Plaintiffs' claims is premised on violations of 42 USC §1983 and 1988 and the 4th, 8th,14th and 18th Amendments to the United States Constitution.  This Court has further jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367 (supplemental jurisdiction) as to those claims form part of the same case or controversy under Article III of the United States Constitution.

4

8.   Venue is proper in this Court pursuant to 28 USC §1391(2) as all material facts out of which this suit arises occurred within the Southern District of Texas, Houston Division.

## **PARTIES**

9.   Mark Oswald ("Oswald"), when alive, was a resident of Harris County, Texas and was at the pertinent times to this claim within the confines of the City of Pasadena Jail.

10.   Dana Oswald is a resident of the state of Illinois.

11.   Tania Oswald is a resident of Harris County, Texas.

12.   Defendant City of Pasadena (the City) is a municipal corporation operating pursuant to the Constitution and laws of the State of Texas within the U.S. Southern District of Texas.  The City of Pasadena may be served with process through the City Secretary, Linda Rorick, 1211 Southmore Avenue, Suite 115, Pasadena Texas 77502.

13.   Defendant P. Moody is sued in his individual capacity and is liable for the implementation of relevant federal and state law and the training of Pasadena Police Department jail staff and citizen jail staff, the enforcement of policies and procedures and to both train and supervise staff to prevent harm to

inmates. He may be served with process at 1211 Southmore Avenue, Suite 115, Pasadena Texas 77502 or wherever he is found.

14. Defendant ETMC-EMS is a Texas Nonprofit Corporation with its principal place of business in Tyler, Texas and may be served with process through its registered agent Elmer G. Ellis, 1000 South Beckham, Tyler, TX 75701.

## FACTS

15. Mark Oswald was 63 years old when, upon information and belief, he was arrested on or about June 5, 2015, for public intoxication by a uniformed City of Pasadena Police Officer. He was transported to the City of Pasadena Jail where he was booked and placed into a cell.

16. Oswald was extremely inebriated at the time of his arrest and incarceration. Jail video shows that he was unable to figure out how to adjust his jail issued suit in order to use the restroom. Consequently, he urinated on himself slipped and violently fell in his own urine and/or blood. It is clear from the City of Pasadena jail video how severely he broke his leg as it turns backwards behind him.

17. For hours Oswald lay on his cell floor moaning and writhing in pain even at some point dragging himself across the floor closer to the cell entrance. He was checked on simply by someone opening the cell and yelling at him that

6

they could not help him if they could not understand him.  At no point did anyone touch Oswald to determine why he was moaning.  In fact, by approximately 5:55 p.m. Oswald can be heard screaming in pain and the jail officials laugh at him and tell him he smells.

18.  Finally, hours after Oswald's grave injuries occurred, it was determined that an ambulance should be called because Oswald was highly intoxicated and not because of his injuries.  However, once the ambulance arrived there was no urgency in assisting Oswald.  In fact, video shows jail officers laughing and joking with the ambulance attendants and slowly going through the jail release process meanwhile making nasty comments to Oswald the entire time.  Oswald is then brutally dragged out of his cell by his underarms when he cannot get up to go to the stretcher and then essentially thrown up onto the stretcher.  Worse, jail officers and ambulance personnel are seen making fun of Oswald and, at one point, lifting one of his legs off from the stretcher and dropping it down while laughing.  Video also shows that no examination of Mark Oswald's legs was performed by ETMC-EMS personnel despite ETMC-EMS records reflecting that his left leg both upper and lower were assessed and were normal.

19.    The paramedics employed by ETMC-EMS who were called to the jail to provide treatment never examined Oswald despite his moaning and pleas for help.  Oswald was finally transported out of the jail.  He was initially taken to St. Luke's Medical Center in Pasadena, Texas, where EMS attendants did not inform the medical providers of any potential injury, but instead informed the medical providers that Oswald was inebriated.  However, upon very cursory initial examination by the St. Luke's Medical Center medical providers, the severity of his injury was discovered and Oswald was then immediately life-flighted to Memorial Hermann Hospital where he clung to life for four (4) days, dying in agony at 5:40 a.m. on June 9, 2015.

20.    The City of Pasadena is the policymaker in regards to training, policies, procedures and discipline of jail officers, both officer employees and civilian employees.  The City has a custom, practice, policy and procedure for medical attention and treatment in the jail.  That custom, practice, policy and procedure includes, but is not limited to, observing inmates, but not responding to obvious medical needs.

21.    More pertinent facts appear in other sections as well.

8

22.  The City of Pasadena and jail personnel, including but not limited to Officer P. Moody (alone and in concert) under color of law acted with deliberate indifference for the care and custody of Oswald, ultimately causing his death.

23.  ETMC-EMS and its ETMC-EMS personnel were negligent in the care and treatment of Mark Oswald.   ETMC-EMS accepted a duty to act as a reasonably prudent emergency medical services healthcare provider, entering into a medical provider-patient relationship on June 5, 2015.  ETMC-EMS breached the applicable standards of care required for the care and treatment of Mark Oswald when their EMS personnel failed to examine his left upper and lower leg, delayed his need for urgent care and transport and falsely (alternatively, intentionally) reported his condition to the emergency personnel at St. Luke's Medical Center-Pasadena. ETMC-EMS is vicariously liable to Plaintiffs for the negligent acts and omissions of its personnel under the doctrine of *respondeat superior.*

## CAUSES OF ACTION AGAINST DEFENDANTS THE CITY OF PASADENA, TEXAS AND P. MOODY, INDIVIDUALLY

**CIVIL RIGHTS VIOLATION**
**[42 U.S.C. §1983, §1988;**
**14th Amendment to the Constitution of the United States]**
**(Against All Defendants)**

24.    Plaintiffs re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

25.    The Civil Rights Act, codified as 42 U.S.C. §1983, provides as follows:

> *Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges, immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. §1983.*

26.    By their acts and omissions alleged above, Defendants the City and jail personnel, including but not limited to Officer P. Moody (alone and in concert), deprived Oswald of his rights to life, liberty and bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, for which Defendants are liable to Plaintiffs pursuant to 42 U.S.C. §1983.

27.    In addition, and in the alternative, the City and jail personnel, including but not limited to Officer P. Moody (alone and in concert) engaged in a policy and practice as set out herein that resulted in the death of Oswald.

28.    In addition, and in the alternative, the City and jail personnel, including but not limited to Officer P. Moody (alone and in concert) engaged in a policy

10

and practice of deliberate indifference to the care and custody of jail inmates that resulted in the death of Oswald.

29.   In addition, and in the alternative, the City agave inadequate training to civilian and officer jail personnel, including but not limited to Officer P. Moody, on observing inmates and responding to immediate medical needs.

30.   In addition, and in the alternative, the City and jail personnel, including but not limited to Officer P. Moody (alone and in concert) failed to properly train and supervise their staff and employees on necessary medical attention to prevent such incidents of neglect of medical care.  Defendant the City and jail personnel, including but not limited to Officer P. Moody (alone and in concert) failed to provide medical attention where it was clear and necessary and required by law resulting in the death of Oswald.

31.   Plaintiffs contend that policies, procedures, practices and customs of the City and/or jail personnel, including but not limited to Officer P. Moody (alone and in concert) put Oswald in an inherently dangerous situation and violated his rights under the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery.

32.   Plaintiffs contend that the failures to train and supervise staff regarding the policies, procedures, practices and customs of the City and/or jail personnel,

11

including but not limited to Officer P. Moody (alone and in concert) (alone or in concert) put Oswald in an inherently dangerous situation and violated his rights under the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery.

33.   During the relevant time period contemplated by this cause of action, the City and jail personnel, including but not limited to Officer P. Moody (alone and in concert) failed to follow state and federal laws, federal and state regulations and the standard of care for treatment of Oswald.

34.   During the relevant time period contemplated by this cause of action, the City and jail personnel, including but not limited to Officer P. Moody (alone and in concert) failed to follow their own written policies and procedures and those of the state of Texas and other authorities on medical treatment and standard of care for those in custody.

## PEACE OFFICER LIABILITY - 42 U.S.C. §1983

35.   Plaintiffs bring a claim against jail personnel, including but not limited to Officer P. Moody (alone and in concert), individually as well as in their official capacity, pursuant to 42 U.S.C. §1983 and for punitive damages.

36.   At all material times, jail personnel, including but not limited to Officer P. Moody (alone and in concert) were acting under color of state law as agents

12

and employees of Defendant, the City of Pasadena.  Defendant P. Moody was wearing his City of Pasadena Police department uniform as were other jail personnel, and was acting in the course and scope of his duties as a Pasadena Police Department jail employee at the time Oswald was in custody, injured and transported to the hospital.

37.   Defendant P. Moody is overheard on video stating to 'blame it on the new guy', that it was the first day of booking and that he had been there for two years and had just gotten trained.

38.   Thus, the City's policy of overlooking proper training, including training on medical rights and procedures for jail inmates was inherent.  A city may be held liable for its failure to train a single police officer when the officer's acts were so egregious that the city should have had a clear warning that the particular officer posed a danger to citizens. See *Pineda v. City of Houston*, 124 F.Supp. 2d 1057, 1068 (S.D. Tex. 2000).

## MUNICIPAL LIABILITY - 42 U.S.C. §1983

39.   Plaintiffs plead that Oswald's constitutional rights were violated when he was left injured and moaning and writhing in pain for hours, slowly dying of his injuries that occurred while in custody.

13

40.   The City of Pasadena overlooked the constitutional rights of its jail inmates such as Mark Oswald on a routine basis.  The City gave inadequate training to its officers including its civilian officers.  This policy is evidenced by, among other things, the video admission of a jailer that he was not trained for working in the jail.

41.   Municipalities may be held liable under 42 U.S.C. §1983 for constitutional torts that are committed pursuant to a policy, procedure, practice or custom of the municipality.  Even if the City's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy.  See *Bd. of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397,404 (1997).

42.   In the present case, Defendants jointly and singularly failed to provide medical care to Oswald after he fell shattering his leg bone.  Once Oswald was in custody, a special relationship was created whereby Defendants were required to intervene and provide emergency care.

43.   Instead, Oswald lay writhing and moaning in pain for over four (4) hours while his body was going into shock.  Had Oswald received more immediate medical care he could have survived his injuries.

14

44.     Defendants deliberately failed to render adequate care and attention to Oswald, in violation of Oswald's civil right for reasonable medical care.

## TEXAS TORT CLAIMS ACT

45.     All prior allegations are incorporated herein by reference.

46.     Alternatively, as a pendent state cause of action, Plaintiffs bring this action pursuant to Tex. Civ. Prac. & Rem. Code §101.021.

47.     The death of Oswald was a direct and proximate result of the negligence of The City of Pasadena and the City of Pasadena jail employees including, but not limited to, P. Moody.  Therefore, Plaintiffs elect to proceed with their State law claims solely against The City of Pasadena, as permitted by the Texas Tort Claims Act.

48.     At all times jail personnel and P. Moody were the agents and employees of the City of Pasadena and were acting within the course and scope of their employment with the City of Pasadena.

49.     Defendant the City of Pasadena is liable for injuries suffered as a result of the death of Oswald, proximately caused by a City employee's commission of a wrongful act in the course and scope of his employment through the use or misuse of tangible personal property; namely, jail personnel, including, but

15

not limited to, P. Moody's failure to investigate the medical condition of Oswald while in custody.

50.     Pursuant to the Texas Tort Claims Act, the City of Pasadena had actual notice of the events giving rise to this lawsuit within the six-month period following Oswald's death, both through an investigation conducted by the Harris County District Attorneys' office and by letter to Mayor Johnny Isbell from Plaintiffs' counsel.

## DAMAGES

51.   Based upon the operative facts, such acts and omissions rise to the level of deliberate indifference and conscious indifference constituting a violation of the Eighth and Fourteenth Amendments of the Constitution of the United States for which Plaintiffs seek recovery.

52.   Each and every, all and singular of the foregoing acts and omissions, on the  part  of Defendants, taken separately and/or collectively, jointly and severally, constitute a direct and proximate cause of the injuries and damages set forth herein.  As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiffs have suffered, and will continue to suffer damages in an amount to be proved at trial.

16

53. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiffs have suffered, and will continue to suffer, generally physical, mental, and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, and ultimately death, in amounts within the jurisdictional limits of this Court, to be proved at trial.

54. In acting as alleged above, Defendants acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiffs, from an improper motive amounting to malice, and in conscious disregard of Plaintiffs' rights.  Plaintiffs are entitled to recover punitive damages from Defendants in amounts to be proved at trial.

55. Defendants are vicariously liable for their employees, supervisors, officials, representatives and all those acting in concert with them.

56. Mark Oswald suffered immensely before his death and damages are sought for the Estate of Mark Oswald under the Texas wrongful death and survivor statutes as applied through 42 U.S.C. Section 1983.

57. The Defendants took such acts and omissions in a way that not only shocks the conscience but satisfies the criteria for punitive damages as set out by law and as contemplated by 42 USC §1983.

17

58.   Plaintiffs are entitled to reasonable attorneys' fees and costs of suit as provided for by 42 U.S.C. § 1988(b). Plaintiffs request that the Court and jury award their attorneys' fees and expenses.

### CAUSE OF ACTION AGAINST DEFENDANT ETMC-EMS: NEGLIGENCE, ALTERNATIVELY INTENTIONAL HARM

59.   At all times material hereto the EMS personnel attending to and treating Mark Oswald were employees, agents and/or representatives of ETMC-EMS. These personnel were not properly trained and failed to provide proper care, evaluation, diagnosis and treatment to Mark Oswald. ETMC-EMS breached the applicable standards of care required for the care and treatment of Mark Oswald when their EMS personnel failed to examine his left upper and lower leg, delayed his need for urgent care and transport and falsely reported his condition to the emergency personnel at St. Luke's Medical Center-Pasadena. ETMC-EMS is vicariously liable to Plaintiffs for the negligent acts and omissions of its personnel under the doctrine of *respondeat superior*.

### DAMAGES

60.   Plaintiff's damages, which are unliquidated, are within the jurisdictional limits of the Court. As a proximate result of ETMC-EMS' statutory and common-law negligence, Mark Oswald's already life-threatening injuries

were further ignored contributing to his death.  Plaintiffs have suffered and will continue to suffer in the future physical, mental, and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress over the pain and suffering and death of Mark Oswald.

61.   To the extent available, Plaintiffs seek exemplary damages.

## JURY DEMAND

62.   Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court:

A.   Enter judgment and award damages for Plaintiffs against Defendants, jointly and severally;

B.   Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against defendants, jointly and severally;

C.   Award Pre- and post-judgement interest;

D.   Award Punitive damages against all individually named defendants and for Plaintiff; and

19

E.     Award costs of court;

F.     Grant such other and further relief as appears reasonable and just, to which,

       Plaintiffs shows themselves entitled.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

Respectfully submitted,

*/s/ Charles H. Peckham*

_____

Charles H. Peckham
TBN: 15704900
FBN: 15770
cpeckham@peckhampllc.com

Mary A. Martin
TBN:  00797280
FBN:  12272
mmartin@peckhampllc.com

PECKHAM, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas  77057
(713) 574-9044
(713) 493-2255 – facsimile

&

Randall L. Kallinen
TBN: 00790995
FBN: 19417
AttorneyKallinen@aol.com

Law Office of Randall L Kallinen
511 Broadway Street
Houston, Texas 77012
(713) 320-3785

**COUNSEL FOR PLAINTIFFS**

21